**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4541**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CALEB THARON JEFFERSON,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Senior District Judge.  (3:21-cr-00179-FDW-DCK-1)

---

Submitted:  August 29, 2025                      Decided:  September 30, 2025

---

Before RUSHING, HEYTENS, and BERNER, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

**ON BRIEF:**  Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant.  Elizabeth Margaret Greenough, Assistant United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calen Tharon Jefferson pled guilty, pursuant to a written plea agreement, to four counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1); conspiracy to distribute and to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(D); discharging a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). The district court sentenced Jefferson to a total of 220 months' imprisonment, to be followed by five years of supervised release. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether Jefferson's criminal history category was miscalculated considering a subsequent, retroactive Sentencing Guidelines amendment.[1] Although notified of his right to do so, Jefferson has not filed a pro se supplemental brief.

After reviewing pursuant to *Anders*, we directed the parties to file supplemental briefs addressing whether the district court committed reversible error pursuant to *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), when imposing the reporting condition of supervised release and whether the district court provided appropriate reasoning for imposing a special condition of supervised release. In response to the order, Jefferson's counsel has filed a supplemental opening brief, and the Government moves to dismiss the

---

[1] We decline to address this claim as it is more appropriately raised in a motion to reduce sentence under 18 U.S.C. § 3582(c)(2).

2

appeal based on the appeal waiver in Jefferson's plea agreement. We affirm in part and dismiss in part.

"[W]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (citation modified). Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Jefferson knowingly and intelligently waived his right to appeal his convictions and sentence, with limited exceptions not applicable here. Thus, the waiver is valid and enforceable.

Turning to the waiver's scope, Jefferson's challenge to the substantive reasonableness of the district court's reasoning for imposing a special condition of supervised release falls squarely within the scope of the appeal waiver. *See United States v. Carter*, 87 F.4th 217, 225 (4th Cir. 2023) (concluding that "reasonableness challenge . . . falls squarely within the waiver's scope"). Jefferson also challenges on appeal the inconsistency between the oral pronouncement of the reporting condition and how that condition appears in the written judgment. Jefferson's appeal waiver does not bar our

3

consideration of his *Rogers* claim regarding the reporting condition of supervised release.[2]

*United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).

*Rogers* obligates district courts to pronounce all discretionary conditions of supervised release at sentencing. *Rogers*, 961 F.3d at 296-99. "The heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment in fact have *not* been imposed on the defendant." *Singletary*, 984 F.3d at 345 (citation modified). "We review the consistency of [Jefferson's] oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law." *Rogers*, 961 F.3d at 296 (citation modified).

Jefferson argues that the district court committed *Rogers* error because the first standard condition in the judgment materially differs from the court's oral pronouncement of that condition at sentencing. Specifically, at sentencing, the district court ordered that, upon his release from custody, Jefferson would be required to report to the probation office in the federal judicial district to which he is released. The judgment, however, required Jefferson to report to the probation office in the district where he is authorized to reside. Jefferson asserts that this facial discrepancy constitutes *Rogers* error.

However, Jefferson fails to demonstrate a reversible inconsistency under *Rogers*. The district court at the sentencing hearing orally pronounced through incorporation the standard conditions as adopted in the Western District of North Carolina, which included

---

[2] Although Jefferson's counsel suggests that the district court did not incorporate the discretionary supervised release conditions adopted by the Western District of North Carolina, the record belies counsel's claim.

4

the condition requiring Jefferson to report to the probation office in the district where he is authorized to reside, but the court also orally ordered Jefferson to report in the district to which he is released. Thus, the district court's oral pronouncement itself was inconsistent, as it left ambiguous where Jefferson must report upon his release from custody. "Where the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent." *Rogers*, 961 F.3d at 299 (citation modified). We are satisfied that the written judgment's inclusion of the standard reporting condition, as set forth in the conditions adopted by the district court, dispels the ambiguity in the district court's oral pronouncement and confirms the court's intent to require Jefferson to report to the probation office in the district where he is authorized to reside.

In accordance with *Anders*, we have reviewed the record and identified no potentially meritorious grounds for appeal that fall outside the scope of Jefferson's valid appeal waiver. *See McCoy*, 895 F.3d at 363-64 (discussing nonwaivable issues); *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (same). Accordingly, we deny in part the Government's motion to dismiss and affirm as to any issue not encompassed by the valid appeal waiver, and we grant in part the Government's motion to dismiss and dismiss the appeal as to the issues that fall within the waiver's scope. This court requires that counsel inform Jefferson, in writing, of the right to petition the Supreme Court of the United States for further review. If Jefferson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jefferson.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*